PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
**Southern** District of Texas
**FILED**

FEB 02 2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE** _Southern_ **DISTRICT OF TEXAS**
_Houston_ **DIVISION**

Nathan Ochsner, Clerk of Court

Victor Coronado, SPN# 0075 7571
Plaintiff's Name and ID Number

Harris County Jail - 1200 Baker St., Houston, Tx. 77002
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

Harris County, Texas and Sheriff Ed Gonzalez
Defendant's Name and Address

1200 Baker Street, Houston, Texas 77002
Defendant's Name and Address

Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES ✓ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit:_____

        2. Parties to previous lawsuit:
            Plaintiff(s)___Maybe one habeas corpus 2254 petition___
            Defendant(s)___in 1993. Cannot remember.___

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.   PLACE OF PRESENT CONFINEMENT: Harris County Jail

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?  ✓ YES  ___ NO

None Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.   PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Victor Coronado, SPN#00757571 Harris County Jail - 1200 Baker St.; Houston, Texas 77002

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Harris County, Texas @ 1200 Baker St. Houston, Tx. 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: Sheriff Ed Gonzalez, Harris County Jail, 1200 Baker Street, Houston, Texas 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On March 10th, 2018 I was arrested and charged with Aggravated Assault of a Public Servant. I am innocent. Charging officer has No Injuries. My Court Appointed Attorney Gilbert Villareal whom has ap been appointed to my Case for 3 years tells me I cannot have a Bail Bond in any amount at all. For 3 years I have been held in the Harris County Jail without a Bond of any Kind — No Bond. I have been indigent the entire 3 years and want consideration for

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Plaintiff seeks the same relief that Attorney's for Plaintiffs in Dwight Russell v. Harris County, Texas, H-19-226 Judge Rosenthals Court, are seeking including TRO and Injunctions.

VII.   GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
None "Billy" is alias first name Victor real name.

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
Doesn't remember — TDC #'s (has TDC #'s)

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ____YES  ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____

2. Case number:_____

3. Approximate date sanctions were imposed:_____

4. Have the sanctions been lifted or otherwise satisfied?          ____YES ____NO

4

a "Robust Personal - Recognizance Bond (No Cash Bond) Hearing with the judge of the 228th District Court of Harris County, Texas. Additionally, I am requesting this same type of Robust Hearing to consider dismissal of the case under Article 17.151 Tx. Cd Crim. Proc. because more than 90 days has passed and I have been continuously confined for a period of 1,050 (One-Thousand and fifty Days). Every time I go to court my lawyer just tells me the State has a plea bargain offer of 40 years TDC and that he thinks that's a good deal and the best he can get. He tells me his professional opinion is to sign for the 40 years (aggravated with a deadly weapon finding- Knife) which at 52 years old, This means I die in prison, and am never free again in my life. The police officer a Harris County Sheriff's Department Deputy is lying, he has no bodily injuries at all. The evidence (his statements) are fabricated false statements he wrote out of anger and hatred to keep me in jail a long, long time, with No Bond Consideration at all.

I am 52 years old and severely immunocompromised having Hepatitis C since 1998 with severe liver damage (Cirosis turning into Cancer) quite possibly? Add 23 years of having Hepatitis C and the irreversible liver damage the disease causes at age 52 my imm-

p. 4-A

ES0085-01-07



une system is "compromised."

Being confined in the Harris County Jail where it is very, very crowded in small confined spaces, social distancing is impossible. Sanitation is terrible. You cannot get cleaning supplies and materials in a timely manner. New inmates recently arrested coming right off the streets are brought into the jail housing areas and mixed with inmates whom have been confined in the jail 1, 2 and 3 or more years. Those of us in the jail "years" have never been "in society" with (COVID-19) Corona-virus. Jail employee's go in and out of the jail without wearing mask around us potentially infecting us with (COVID-19). Inmates with fever sometimes go to the medical department and then come right back to the tank. Medical staff does not keep records and intentionally falsifies medical fact entries into the computer to avoid keeping a COVID Record. They cover-it-up or don't enter anything so it doesn't look as bad as it is. Other inmates with money to pay their way out do so and are released. Those who cannot, because they are too poor to post the bond premium, wait. They bear the brunt of lengthy incarceration.

Moreover, we are on (COVID-19) Coronavirus Quarentine at this very moment. It appears that a new person was recently placed in the tank that had a positive test result. Trials due to COVID or in-

ES0085-01-07

definitely suspended. I've waited 3 years for a Jury Trial, without a bond. How many more years do I wait?

Sheriff Gonzalez's recent report to Chief Judge Rosenthal made factual admissions that the Harris County Jail is not safe. And it is plaintiff's belief that current statistics show that an inmate confined in jail is, 5 to 10 times more likely to contract (COVID-19) Coronavirus, than someone who is not confined in jail.

Judge Rosenthal was quoted by Gabrielle Banks-Reporter in a January 16, 2021 article titled "Judge weighs releases from county jail."

Judge Rosenthal said: "Nobody on this call wants the Harris County Jail housing people who have been convicted of nothing, who are innocent. We do not want to convert detention into a death sentence. We do not want to infect our civilians, guards, the people who feed and clean and take care of our inmates and go home to infect their families to put them at risks of — and the risks of doing that are higher now with the specter of more contagious variants looming. Nobody wants to turn the jail into a killing field."

p.4-C

ES0085-01-07



Plaintiff also asserts that he has been confined in the Harris County Jail Since March 10th, 2018 continuously, so he was here some 9 months before Russell v. Harris County (H-19-226) was originally and initially filed and was here when it was filed and at all times thereafter and material to these proceedings. The relationship back theory may be applicable here. In any event Plaintiff has just as much if not more, of a factual establishment of a continuing and ongoing showing of "Deliberate Indifference to violating the constitutional rights he has regarding his right to bail prior to trial as a indigent pre-trial detainee, with respect to Harris County's unconstitutional bail practices. Thus, plaintiff was confined in jail when the 5th Circuit was deciding the Odonnell I and II appeals/cases so much a part of and relevant to these proceedings.

Plaintiff, motions this Court to Interveen into Russell v. Harris County, H-19-226 and for Appointment of Counsel Neal S. Mann and Alec Karakastanis to assist him as needed.

Plaintiff does not understand complex legal matters and cannot write well. He had assistance from Devin Cole - SPN #02145549 in preparing

p.4-D

ES0085-01-07

this complaint.

Plaintiff did not fall through the cracks...
He was shoved through them.

" Our society is run for the many... not the
few."

ES0085-01-07

C. Has any court ever warned or notified you that sanctions could be imposed?    ____YES  ✔NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division):_____

    2. Case number:_____

    3. Approximate date warning was issued:_____

Executed on: **1-25-2021**
            DATE

X Victor Coronado
X _____
        (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ____**25th**____ day of ___**January**___ , 20 **21** .
         (Day)              (month)        (year)

X Victor Coronado
X _____
        (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

<u>Legal Memorandum</u>

Petitioner/Plaintiff Cite's the 5th Circuit U.S. Court of Appeals decision in Odonnell I and Odonnell II in support of his Complaint.

In Odonnell I, in it's original conclusion that the imposition of automatic bail violated due process, the panel "boiled down" the violation to this situation:

(in this case substitute one) (word for misdeanor)

" [Take] two (misdemeanor) felony arrestees who are identical in every way - same charge, same criminal backgrounds, same circumstances, etc. except that one is wealthy and one is indigent... One arrestee is able to post bond, and the other is not. As a result, the wealthy arrestee is less likely to plead guilty, more likely to receive a shorter sentence or be acquitted, and less likely to bear the social costs of incarceration. The poor arrestee, by contrast, must bear the brunt of all of these, simply because he has less money than his wealthy counterpart. The district court held that this state of affairs violates the equal protection clause and we agree." Citing Odonnel I, 892 F.3d @ 163.

The last piece is critical. Detention of indigent arrestees and release of wealthier ones is not con-

# Legal Memorandum

stitutionally infirm purely because of the length of detention. Instead, the court considered the consequences of such detention: the liklihood of pleading guilty, the ultimate sentence given, and the social cost of a potentially lengthy pretrial incarceration. Indigent felony arrestees face the dire prospects of "bearing the brunt" of a lengthy incarceration caused by an unconstitutional bail system. Citing O'donnell v. Goodhart, 900 F.3d 220 (5th Cir. 2018).

The Honorable James E. Graves, Jr., Circuit Judge, dissenting: "Harris County's unconstitutional bail practices will continue to deny equal protection and due process to indigent misdemeanor (and felony) arrestees unless the amended preliminary injunction is fully and immediately implemented. Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in this the administration of its criminal law." Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L Ed. 891 (1956) Cited herein respectively with the 14th Amendment to the U.S Constitution. U.S.C.A. 14.

Plaintiff cite's the United States Court of Appeals for the Fifth Circuit recent decision in Daves v. Dallas County, 2020 U.S. App. Lexis 40501 ___ F.3d ___ 2020 WL 7693744 in which the court made the following holdings relevant to Russell v

p.2

ES0085-01-07

## Legal Memorandum

Harris County, H-19-226 : Held:

"The incarceration of those who cannot pay money bail, without meaningful consideration of other possible alternatives, infringes on both due process and equal protection requirements."

The Honorable James E. Graves, Jr., Circuit Judge sat on and was a member of the 3 judge panel in Daves.

p.3

ES0085-01-07

United States Courts
Southern District of Texas
FILED

FEB - 2 2021

Nathan Ochsner, Clerk of Court

January 25th, 2021

Mr. David J. Maland
 Clerk of the Court
 U.S. District Court
 P.O. Box 61010
 Houston, Texas 77208

C/o The Honorable
 * Lee H. Rosenthal
 Chief U.S. District Judge

Victor Coronado
SPN# 00757571
Harris County Jail
1200 Baker Street
Houston, Texas 77002

*
 Please give this filing
 Emergency - Priority Attention, as it relates to Russell
 v. Harris County and Cole
 v. Harris County - pending.

Re: * Filing of Pro Se Title 42 U.S.C. § 1983
 Civil Rights Lawsuit with Chief Judge Rosenthal's
 Court and Clerk Maland's Office in accordance with
 Federal Law:

Dear Mr. Maland, Clerk,

   Please find enclosed the above and forgoing
 pro se, Title 42 U.S.C. § 1983 Civil Rights Lawsuit
 to be filed with your office and Judge Rosenthal's

p. 1

ES0085-01-07

Court on my behalf as promptly as possible in accordance with Federal Law.

Thank you very much for your kind assistance regarding this important legal matter.

Please keep in mind the Emergency Pandemic relationship with those of us so unfortunate to be locked inside a dangerous jail with (COVID-19) looming around.

Respectfully and sincerely,

Victor Coronado
SPN# 00757571
Harris County Jail
Pre-Trial Detainee

p.2

ES0085-01-07

# HIPAA AUTHORIZATION

**STATEMENT OF INTENT** SPN# 00757571

I, _Victor Coronado_ (Name), understand that the Health Insurance Portability and Accountability Act ("HIPAA") limits who can see my protected medical information. I intend for any agent named in this release to be treated as I would be treated with respect to my rights regarding the use and disclosure of my individually identifiable health information and other medical records. This release applies to any information governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. 1320d and 45 C.F.R. 160-164. I am executing this authorization because there may be certain healthcare information that is necessary for my medical providers to share with my agent under my healthcare power of attorney or with my partner if I am incapacitated.

**AUTHORIZATION** SPN# 00757571

I, _Victor Coronado_ (Name), authorize the disclosure of any information governed by HIPAA to be provided to the authorized person identified below:

Name: _U.S. District Court - Judge Rosenthal_
Address: _P.O. Box 61010, Houston, TX 77208_
Telephone: _____

Accordingly, I hereby authorize any physician, health-care professional, dentist, health plan, hospital, clinic, laboratory, pharmacy or other covered health-care provider, any insurance company, any medical information bureau, or other health-care clearinghouse that has provided treatment or services to me, or that has paid for or is seeking payment from me for such services, to give, disclose and release to the above-referenced authorized person without restriction, all of my individually identifiable health information and medical records regarding any past, present, or future medical or mental health condition of any kind, including all information relating to the diagnosis and treatment of extremely personal/highly sensitive conditions including but not limited to HIV/AIDS, sexually transmitted diseases, mental illness, or substance abuse.

The authority given to the authorized person shall supersede any prior agreement that I may have made with my healthcare providers to restrict access to or disclosure of my individually identifiable health information. I understand that the individually identifiable health information and other medical records given, disclosed, or released to the person named above may be subject to redisclosure and may no longer be fully protected by HIPAA. The authority given herein expires only if I revoke this HIPAA Release in writing and deliver it to my healthcare provider. There are no exceptions to my right to revoke this HIPAA Release. This authorization is not affected by my subsequent incapacity or disability.

X _____    *(Harris County Jail
Signature                           Medical Records)

Printed Name: _Victor Coronado_

_January 25th, 2021_
Date Signed

Witnessed by: _____

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Victor Coronado )
*Plaintiff* )
)
v. )    Civil Action No.
)
Harris County, Texas )
*Defendant* )
)

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jail Medical Records / Court Files
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Jail Medical Records / Court Files

| Place: | Date and Time: |
|---|---|
|  |  |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).